**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. BURRIS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>DAVID E. ORTIZ,<br><br>　　　　　　Respondent. | Civil Action No. 21-338 (KMW)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS, District Judge:**

   This matter comes before the Court on Petitioner Jeffrey M. Burris's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied. (ECF No. 7). The Government thereafter filed a letter (ECF No. 11) informing the Court that Petitioner had been released onto supervised release, in which the Government requests that this matter be dismissed as moot.

   By way of background, in his habeas petition, Petitioner sought to challenge his entitlement to certain credits towards his sentence which he believed, if properly applied, would result in his being earlier released onto home confinement or supervised release. (ECF No. 1.) As relief in his habeas petition, Petitioner sought an order granting him additional credits which would ultimately result in his earlier release from prison. (ECF No. 1 at 10.) As of January 13, 2022, however, Petitioner is no longer in prison – he has been released. (*See* ECF No. 11-1.) As Petitioner is no

longer in prison, and as he therefore can receive no benefit from an award of additional jail credits towards his release, there is now no meaningful relief available to him through his current petition.

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As Petitioner sought only credits towards his release from prison in this matter, and as Petitioner has now been released from prison and therefore has no further use for the prison credits which he previously sought, this Court is without the ability to provide him any meaningful relief in this matter, and Petitioner's habeas petition must therefore be dismissed as moot. An appropriate order follows.

/s/ Karen M. Williams
Hon. Karen M. Williams,
United States District Judge